**In re CRUSADER OIL REFINING CORPORATION.**

No. 9407/127.

District Court, D. New Jersey.

Dec. 9, 1942.

Seymour J. Solomon and Simon J. Griffinger, both of Newark, N. J., for debtor.

Reuben P. Goldstein, of Jersey City, N. J., for petitioning creditor.

MEANEY, District Judge.

This court is requested to review an order of a Referee in Bankruptcy dismissing the petition and vacating an order to show cause in the matter of Crusader Oil Refining Corporation, Debtor.

The Referee dismissed the petition on the grounds (1) that the petitioner was not a party in interest in the sense in which that term is used in Section 386 of the Bankruptcy Act, 11 U.S.C.A. § 786, which permits a party in interest to make application to set aside an arrangement after confirmation; (2) that the petition was not filed within the six months' period required by Section 386 of the Bankruptcy Act; (3) that the petition fails to set forth with sufficient particularity an allegation that the fraud charged therein came to the knowledge of the petitioner since confirmation of the arrangement made in the matter, also required by the provisions of the same section.

The petition, dismissed by the Referee, recites that the petitioner is a creditor of the Debtor in the sum of $4,485.97 "being the balance due under a judgment recovered by your petitioner against the debtor in the Supreme Court of the State of New York, County of New York, in a suit wherein your petitioner was the plaintiff, and the debtor the defendant, which judgment was entered in the aforementioned court on June 17, 1941".

From the language of the petition, the referee was justified, in the opinion of this Court, in finding that the petition did not set forth the fact that the petitioner had a provable claim such as would entitle it to be considered a party in interest. There is nothing to show that the claim was other than a claim for an unliquidated

874

amount of an unindicated nature which was reduced to judgment after the confirmation of the arrangement and proof of which actually was not filed. The fact that the judgment was entered only one day after the confirmation is a curious coincidence which does not alter the fact of its subsequence to the date of confirmation. Whether a proof of claim, even though unliquidated, was actually not filed because of lack of knowledge of the bankruptcy proceedings, through fraud on the part of the debtor in not including the claim in its list of debts, does not appear incontestably, nor is such an allegation made *specifically* in the petition. The petitioner does allege fraud but does not aver that it had no knowledge of the filing of the plan other than that which it would have received if it had been on the list of creditors.

The omission of allegations of such facts would appear to be fatal. In re Chandler, 7 Cir., 138 F. 637.

 The second question raised is whether the petition was filed within time. Section 386 of the Bankruptcy Act makes it requisite that it be filed within 6 months of the date of confirmation of the arrangement. It would appear from the record that confirmation was had on June 16, 1941. A short time prior to December 16, 1941, the date on which the 6 months' period elapsed, the attorney for the petitioner appeared before the referee with the petition, and a discussion was had concerning the best method of procedure and whether the petition should be entertained by the referee. No definite conclusion was arrived at, and the matter of filing the petition seems to have been left in abeyance. No further action was taken until the referee, after the lapse of the statutory period, notified the creditor's attorney that he would entertain the petition which was filed on January 19, 1942 and so marked. While it may be unfortunate that the discussion between the referee and the creditor's attorney may have induced the latter to refrain from filing the petition within time, the fact remains that it was filed, only as indicated, and the referee had no power to extend the time. In re Ebeling, 7 Cir., 123 F.2d 520.

There remains to be disposed of the third point above referred to, viz: whether the petition alleged fraud with sufficient particularity and in sufficient conformity to the exactions of the statute to

warrant the exercise of any of the alternative powers set forth in Section 386 of the Bankruptcy Act. It would seem that fraud was charged, but nowhere in the petition does it appear that knowledge of such fraud came to the petitioner only since the confirmation of the arrangement. The sole statement made in this regard is that the debtor wilfully failed to disclose the petitioner as a creditor "thereby preventing your petitioner from having knowledge, or receiving notices in the usual manner, of the filing of such Plan, or the terms of the original Plan, or as amended". That the knowledge of the fraud came to the party in interest *since the confirmation of such arrangement* is a fact which must be pleaded and may not be inferred. See In re Isidor Klein, Inc., 2 Cir., 22 F.2d 906.

Under all the facts and circumstances of the case, the Referee's order herein should be sustained.

Let an order be entered in conformity herewith.