**J. Howard ARNOLD, Appellant,**

v.

**Frances K. ARNOLD, Appellee.**

**No. 18854.**

United States Court of Appeals Ninth Circuit.

Jan. 24, 1964.

Rehearing Denied Feb. 27, 1964.

J. Howard Arnold, in pro. per.

Clarence DeLancey, Oakland, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from a decision of the United States District Court for the Northern District of California upholding an order of the referee in bankruptcy under 11 U.S.C. § 786 (1958) which order set aside the confirmation of an arrangement with the creditors of appellant. Jurisdiction of this court is based on 28 U.S.C. § 1291 (1958).

On November 29, 1961, Frances K. Arnold, appellee herein and wife of J. Howard Arnold, appellant herein, filed an action for divorce against appellant in the Superior Court of the State of California in and for the County of Alameda, alleging extreme cruelty.[1] On June

1. In this action appellee asked the court to award to her certain real property which was the home of appellant, appellee, and their five children and which was alleged to be community property.

19, 1962, while this action was pending and shortly before the trial thereof, appellant filed a petition in the United States District Court for the Northern District of California under Chapter XII of the Bankruptcy Act in which he asked for an arrangement with certain of his creditors. This petition was amended on September 25, 1962, to bring the action under Chapter XI of the Bankruptcy Act. No mention was made in this petition of the pendency of the divorce action. Petitioner stated therein that he was the owner of the real property in question. The proposed plan of arrangement provided that a second deed of trust be placed upon the real property claimed in the divorce complaint to be the community property of the Arnolds as security for debts of appellant in the sum of $4,000 to Russell W. Arnold and $10,750 to Martha W. Arnold (brother and mother, respectively, of appellant). The proposed plan also provided that appellant be named the trustee under said second deed of trust and that said trustee be given possession of the real property, together with right to collect the rents therefor and to apply the rents to the indebtedness secured by said second deed of trust. No notice was given to appellee of the filing of such petition for arrangement or of the proposed second deed of trust upon the community property of the Arnolds. On October 30, 1962, appellant's proposed amended plan of arrangement as above set out was confirmed by the referee in bankruptcy.[2]

In the meantime, the trial of the divorce action between appellee and appellant was commenced on October 5, 1962. On October 8, 1962, the judge of the Superior Court of Alameda County, California, announced his decision that appellee was entitled to an interlocutory decree of divorce from appellant and that appellee should be awarded the community real property of the parties. On October 22, 1962, the interlocutory decree of divorce

in favor of appellee was signed by said judge and the decree awarded the community real property to appellee. At the time of the trial of said divorce action and at the time he announced his decision the judge of the superior court had no knowledge of the pendency of the petition for arrangement in the bankruptcy court. Similarly, at the time of the confirmation of the petition for arrangement on October 30, 1962, the referee in bankruptcy had no knowledge of the divorce proceedings in the superior court. At no time prior to "about the end of October," 1962, did appellee have any knowledge of the proceedings instituted by appellant before the referee in bankruptcy.

On January 24, 1963, upon the petition of appellee, the referee in bankruptcy issued an order to appellant to show cause why the order of October 30, 1962, confirming the arrangement should not be set aside. After a hearing on February 19, 1963, the referee made an order reciting in part as follows:

> "[I]t appearing * * * that fraud was practiced by the debtor, J. Howard Arnold, in procuring the Confirmation of the Arrangement * * * by concealing from this Court all facts of his marriage and divorce * * * and in wilfully failing to list all of his creditors in his Plan of Arrangement; * * * IT IS HEREBY ORDERED: 1. That the Confirmation of Arrangement heretofore duly given and made in the within matter be, and the same is, hereby set aside. * * *"

Appellant filed a timely petition for review of said order in the United States District Court for the Northern District of California. The district court affirmed the referee's order, stating in part: "The court finds that the referee's finding of fraud is amply supported by the evidence." It is from this latter or-

---

2. While the details of the plan of arrangement were not contained in the order of confirmation, the order confirmed the plan of arrangement theretofore proposed by appellant. It would seem to be better practice in such a case to have the order itself contain all the details of the plan of arrangement.

der that appellant has appealed.[3] We agree with the district court.

Appellant's main contention is that the referee erred in admitting appellee to the arrangement proceedings since she was not a party in interest. He cites two cases—In re Chandler, 138 F. 637 (7th Cir. 1905), and In re Crusader Oil Ref. Corp., 47 F.Supp. 873 (D.N.J.1942). Neither of these cases is apposite.

In the instant case appellee bases her contention that she is a party in interest not on the fact that she is a creditor, but that she is an owner of the real property in question. Cal.Civ.Code § 161a provides in part:

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code." [4]

As an owner of this property she becomes a party in interest and, as such, eligible to show fraud in the arrangement proceedings.

The referee found there was fraud in the arrangement and there is ample evidence to support that conclusion. Only one of the debts listed by appellant in his original petition was uncontested by appellee—i. e., the first trust deed on the community real property, repayments on which were alleged to have been made by appellee for the last two years from her own earnings because appellant was unemployed and showed no signs of seeking employment. The other debts listed were loans from appellant's mother and brother. Appellant stated to the referee that these relatives were not pressing him. Moreover, there was evidence which indicated that the so-called "debts" might be barred by the statute of limitations. The plan of arrangement provided for a second deed of trust on the community real property which was the home of the parties as security for appellant's "debts" to his brother and mother, thus converting unsecured debts into secured debts. The effect of this, since this is a voluntary petition on the part of appellant, is to place an encumbrance upon the community real property without the consent of the wife, which consent is required by Cal.Civ.Code § 172a.

Appellant's scheme, however ingenious he may have thought it was, cannot prevail.

Judgment affirmed.

---

3. At all times in the bankruptcy court and in the superior court and in this court appellant has appeared *in propria persona.*

4. Civil Code § 172a: "The husband has the management and control of the community real property, but the wife, either personally or by duly authorized agent, must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered * * *."