**John Hancock ABBOTT, Bankrupt, Petitioner-Appellant,**

v.

**The REGENTS OF the UNIVERSITY OF CALIFORNIA, Objection Creditor, Respondent-Appellee.**

No. 74–1223.

United States Court of Appeals, Ninth Circuit.

May 21, 1975.

Joel G. Schwartz, San Jose, Cal., for petitioner-appellant.

Arnold T. Leong, Asst. Counsel, Office of the General Counsel, Univ. of California, Berkeley, Cal., for respondent-appellee.

OPINION

Before MOORE,* HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We are asked in this appeal to reverse a decision of the district court which affirmed a determination of the bankruptcy judge that fraud precluded the discharge in bankruptcy of a student loan. The bankruptcy judge had given judgment in favor of the University Regents against the bankrupt. We affirm.

---

* Senior Circuit Judge for the Second Circuit.

While a student at two state colleges in 1965 and 1966, Abbott obtained National Defense Student Loans totalling more than $5,000, all of which were discharged in bankruptcy in April 1967. About the same time, he executed a renewal note to one college, reaffirming the debt due it. Having transferred to the University of California at Berkeley, Abbott applied in June of 1967 for another loan from that institution for $9,000. He failed to list any of the previous loans in his application. The act authorizing such loans [20 U.S.C. § 425(a)] provided that the total of all loans for all years to one person may not exceed $10,000.

Abbott's second petition in bankruptcy was filed in 1972 and he listed the loan from the University of California. The University Regents objected to the discharge in bankruptcy, because of Abbott's fraudulent concealment of the earlier loans from the other institutions.

Before the bankruptcy judge, the University Regents argued that Abbott knowingly concealed his history of prior loans; noted that the loan application clearly required a listing of prior National Student Defense Loans; and that the University relied on the misrepresentation; and that the University could not have lawfully authorized a loan raising Abbott's NSDL indebtedness over the statutory maximum of $10,000.

Abbott responded, and argues here, that he did not list the prior National Student Defense Loans because an attorney had informed him that his 1967 bankruptcy proceeding had discharged any legal obligations resulting from the loans. In other words, he claimed that he had no intent to defraud. After hearing this testimony and observing appellant's demeanor, the bankruptcy judge concluded that the "Bankrupt concealed the previous loans intentionally. . . . ."

The evidence supports the bankruptcy judge's determination that Abbott failed to disclose information with an intent to deceive the University. A failure to disclose prior loans on a loan application constitutes a materially false representation. In re Bebar, 315 F.Supp. 841 (E.D.N.Y.1970). In the Matter of Taylor, 514 F.2d 1370, at 1372, 1373 (9th Cir. 1975).

Section 17 of the Bankruptcy Act [11 U.S.C. § 35] excepts from discharge certain classes of provable debts. The relevant language is set forth in the margin.[1]

There is no question of Abbott's ability to read and understand application forms. The district judge noted in his memorandum decision:

Rather, it concerns a college student who must be charged with an elemental understanding of the significance of loan application questions. Assuming, *arguendo*, that his previous loans had been discharged and that the loans had not been subsequently reaffirmed, the bankrupt must have realized that listing loans (though, perhaps, legally of no current effect) might decrease his chances of gaining new funds.

The "clearly erroneous" test applies to the finding of a bankruptcy judge, Union Bank v. Blum, 460 F.2d 197, 200 (9th Cir. 1972), *Taylor*, *supra* at 514 F.2d at 1373, 1374. There is sufficient evidence to support the bankruptcy judge's findings on the critical elements of intent, knowledge, and reliance, thereby excepting Abbott's $9,000 debt from discharge under the statutory fraud exception.

Affirmed.

---

1. "(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another; . . ."

11 U.S.C. § 35(a)(2).