In re Cecil C. BYRD, II, Debtor.

Peter R. BYRD, Plaintiff,

v.

Cecil C. BYRD, II, Defendant.

Bankruptcy No. 80–00287.
Adversary Proceeding

United States Bankruptcy Court,
District of Columbia.

March 2, 1981.

Nancy Lee Cate, Washington, D. C., for plaintiff Peter Byrd.

Robert Joel Zakroff, Washington, D. C., for defendant Cecil Byrd.

## MEMORANDUM OPINION

### (Complaint to Except Debt from Discharge)

ROGER M. WHELAN, Bankruptcy Judge.

The sole issue presented for resolution by this court, in connection with the plaintiff's complaint to except the debt from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code, is whether certain oral representations made to the plaintiff in connection with a loan constituted actionable fraud within the aforementioned section of the Bankruptcy Code.[1] At the conclusion of the plaintiff's case, the defendant debtor made a motion for dismissal pursuant to Bankruptcy Rule 741. Based upon all the evidence presented by the plaintiff and viewing the evidence in the light most favorable to the plaintiff, the Court grants the defendant's motion for an involuntary dismissal as the plaintiff has shown no right to relief upon the evidence.

The tragic scenario of this suit which pits brother against brother establishes that in November, 1978, the defendant debtor telephoned and requested a loan from the plaintiff. Representations were made as to profitability of the debtor's business. Plaintiff was also told that financial aid would be forthcoming from the government. Plaintiff then loaned his brother $5,000. The evidence, presented by the plaintiff, establishes that in connection with the loan indebtedness a series of post-dated checks were given to the plaintiff, and it was the final check, presented in September, 1979, which forms the basis of the present law suit. The first three post-dated checks presented to the plaintiff were honored. The final check, presented in September of 1979, was returned for insuffi-

---

1. Section 523(a)(2)(A):

"... does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than, a statement re-

cient funds.[2] There is absolutely no evidence of record to establish that at the time the post-dated checks were given to the plaintiff in connection with the loan indebtedness, that there was any intention not to repay the debt. In fact, from the evidence of record, it is clear that the plaintiff's own proof mitigates against any showing or intention of fraud or false pretenses on the part of the defendant debtor. The fact that the first three checks were honored was an indication that the defendant debtor intended to repay the obligation and that for some unexplained reason in September, 1979 the plaintiff was financially unable to meet his commitment to his brother. The testimony of the plaintiff, taken in the light most favorable to him, fails to establish any basis for actual fraud or false pretenses within the meaning of 11 U.S.C. § 523(a)(2)(A).

It is well established that there must be proof of positive fraud to fall within the meaning of false pretense or representation.[3] This involves a showing that the acts which constitute the fraud involve moral turpitude or an intentional wrong. Fraud implied in law, which does not require a showing of bad faith or immorality, is insufficient to constitute a false pretense or representation, or actual fraud as envisioned under 11 U.S.C. § 523(a)(2)(A).[4] Section 523(a)(2)(A) encompasses only frauds which "in fact, involve moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient."[5] It is also well established in the law that if the consideration for the loan was secured prior to the making of the false representations of the defendant, any subsequent fraud will have no legal bearing upon the dischargeability of the debt.[6] It is clear from the facts presented by the plaintiff himself, that there is absolutely no evidence of fraud at the time that the representations were made in connection with the subject loan, and for these reasons the Court finds that the obligation is dischargeable under the Bankruptcy Code.

In connection with the defendant debtor's prayer for attorney's fees in connection with the provisions of Section 523(d) of the Bankruptcy Code, the Court awards as a fair and reasonable attorney's fees the sum of $100.

IT IS SO ORDERED.

---

specting the debtor's or an insider's financial condition;".

**2.** The check, according to the allegations of the complaint, was re-presented in December 1979 and was again returned for insufficient funds.

**3.** *In re Taylor*, 514 F.2d 1370 (9th Cir. 1975).

**4.** 3 Collier on Bankruptcy § 523.08[5] at 523–47 (15th ed. 1980). *See Wright v. Lubinko*, 515 F.2d 260 (9th Cir. 1975); *Abbott v. University of California*, 516 F.2d 830 (9th Cir. 1975); *Matter of Bourgeois*, 403 F.Supp. 20 (N.D.Ill. 1975).

**5.** 3 Collier on Bankruptcy, § 523.08[4] at 523–39 (15th ed. 1980).

**6.** Id. at § 523.08[4] at p. 523–43 & n.16.