In re Martin WHITING and Janet C. Whiting, Debtors.

PACIFIC FINANCE DISCOUNT COMPANY, Plaintiff,

v.

Martin WHITING and Janet C. Whiting, Defendants.

Bankruptcy No. 80–00378K.
Adv. No. 80–0209K.

United States Bankruptcy Court, E. D. Pennsylvania.

April 20, 1981.

Jack K. Miller, Philadelphia, Pa., for debtors.

Stanton C. Kelton, III, Cornwells Heights, Pa., for plaintiff.

Harry Altenberg, Philadelphia, Pa., Interim Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Complaint of Pacific Finance Discount Company ("Pacific") opposing the discharge of a debt owed by Martin and Janet C. Whiting, debt-

ors in a Chapter 7 proceeding. Debtors have counterclaimed seeking counsel fees under Section 523(d) of the Bankruptcy Reform Act of 1978 ("Code"), 11 U.S.C. § 523(d).[1]

The facts may be briefly summarized as follows: On May 11, 1979, an application for joint credit was prepared by Pacific based on information submitted in a telephone conversation by either debtors' real estate broker or the debtors themselves. This application was approved by Pacific's loan manager.

On May 14, 1979, the debtors executed and signed a "Statement of Borrowers Financial Condition" ("Financial Statement") (def. exhibit B) and obtained their loan of one thousand five hundred five dollars and forty cents ($1,505.40). The note specified monthly payments of one hundred forty dollars ($140.00) with a total repayment of one thousand six hundred eighty dollars ($1,680.00) including a one hundred seventy four dollars and sixty cents ($174.60) finance charge. To date, approximately nine hundred and fifty dollars ($950.00) remains unpaid.

The financial statement failed to disclose debts of four thousand one hundred dollars ($4,100.00) owing to Household Finance Corporation incurred in March of 1979 and two thousand five hundred dollars ($2,500.00) owing to First Federal Savings and Loan incurred in July of 1977.

On the financial statement, Mrs. Whiting wrote "We owe no other debts." and also answered in the negative the question, "Did any person tell you that it was not necessary to list all debts above?".

On February 25, 1980 the debtors filed a voluntary petition under Chapter 7. Pacific has timely objected to the discharge of this debt under Section 523(a)(2) of the Bankruptcy Code[2] alleging that the loan was

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. 11 U.S.C. § 523(a)(2) provides:
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

   (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by . . .
   (i) that is materially false;

made in reliance upon a false financial statement.

▌ The established law relating to dischargeability of debts under § 17(a) of the Bankruptcy Act has, for the most part, been incorporated into the dischargeability section of the new Code. *See* § 523(a)(2), *supra.* Accordingly, the existing case law construing § 17 of the Act is applicable to and should be followed in the resolution of dischargeability questions under § 523(a)(2) of the Code. *In re Jones,* 3 B.R. 410, 6 B.C.D. 68 (W.D.Va.1980); *In re Tomeo,* 1 B.R. 673 (E.D.Pa.1979).

▌ It is well established that the creditor, in order to prevail, must establish (1) that materially false representations were made; (2) that the representations were made with the intention and purpose of deceiving the creditor; (3) that the creditor relied on such representations; and (4) that the creditor sustained the damage alleged as the proximate result of the representations having been made.[3] *See* e. g., *In re Matera,* 592 F.2d 378 (7th Cir. 1979); *In re Vickers,* 577 F.2d 683, 687 (10th Cir. 1978); *In re Houtman,* 568 F.2d 651, 655 (9th Cir. 1978); *Public Finance v. Taylor,* 514 F.2d 1370, 1373 (9th Cir. 1975); *In re Zangrilli,* 1 B.R. 717, 718 (D.R.I.1979); *In re Tomeo, supra,* 1 B.R. at 675; *In re Eason,* 1 B.R. 604, 606 (E.D.Va.1979); *In re Parker,* 1 B.R. 176 (E.D.Tenn.1979); *Valley Fidelity Bank & Trust Company v. Robert Lewis Williamson,* 1 B.C.D. 15 (E.D.Tenn.1974); *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D. Va.1967).

▌ The question of dischargeability of debts in bankruptcy is a federal question, *In re Meyers,* 1 B.C.D. 1651, 1652 N. 4 (E.D. Mich.1975), and the burden is upon the plaintiff-creditor to establish the above stated elements by "clear and convincing"

evidence. *In re Tomeo, supra; In re Barlick,* 1 B.C.D. 412, 418 (D.R.I.1974); *In re Brown,* 6 C.B.C. 679, 683 (E.D.Va.1975).

▌ In the case *sub judice,* the debtors have, by answer, admitted that they signed the financial statement and that it did not include all debts. Although debtors allege that the loan officer instructed them not to report these debts, debtors signed the financial statement and specifically answered "no" to the question: "Did any person tell you that it was not necessary to list ALL debts above?". That statement omitted approximately six thousand six hundred dollars ($6,600.00) in debts. It is a well accepted principle that the failure to include outstanding obligations on a loan application renders the statement materially false. *See Abbott v. Regents of University of California,* 516 F.2d 830 (9th Cir. 1975); *In re Schlickmann,* 6 B.R. 281 (D.Mass.1980).

Section 523(a)(2) next requires that the creditor "reasonably relied" upon the misrepresentation in order to except the debt from discharge.

We find that Pacific has not met its burden for proving reliance simply by showing that the "statement of financial condition" was used to support the application for credit.

Although it has been held that the fact that a statement is made to support an application for credit and that credit is thereafter given creates an inference of reliance, *see Industrial Bank of Commerce v. Bissel,* 219 F.2d 624 (2nd Cir. 1955); *In re Gem Sleepwear Co.,* 461 F.Supp. 644 (S.D.N. Y.1978), that inference has been effectively rebutted by the testimony of the debtors.

Each of the debtors testified that upon applying for the loan, they informed the loan manager for Pacific that there were

---

(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive . . .

**3.** Section 523(a)(2) has incorporated the above elements but has made two (2) changes. The first change in 11 U.S.C. § 523(a)(2) is the addition of the wording "actual fraud". In practice however, the type of fraud required to bar discharge has been "actual fraud". The second change is the additional requirement that the creditor "reasonably relied" upon the alleged misrepresentation.

outstanding debts owing to Household Finance Corporation ("HFC") and First Federal Savings and Loan ("First Federal"). They testified that they were instructed that it would not be necessary to list those debts on the financial statement because the HFC debt was too recent and the First Federal debt would be satisfied by the sale of real estate. The loan manager denied each of these allegations and testified that as far as he could remember, he never induced or instructed the debtors to omit relevant information.

Thus, the Court must unfortunately decide which of the witnesses are the more credible. The Court finds the testimony of the debtors to be the more credible version of the relevant facts. We believe their testimony that Pacific was informed of the outstanding debts but chose to ignore such information. Because of this finding, it would be unconscionable to hold that the creditor "relied" upon the misrepresentation. Assuming *arguendo* that a showing of reliance has been made, it is not the "reasonable" reliance contemplated by the new Bankruptcy Code. *See* § 523(a)(2)(A).

Pacific now contends that if their loan manager allowed the debtors to omit the required information on the financial statement, then he clearly violated the regulations of his business and in effect, participated in a fraud on his employer. Pacific contends that this violation of the agency relationship should not excuse the conduct of the debtors. The Court cannot agree. The Bankruptcy Code is quite clear that all debts shall be discharged except those specifically enumerated. Having found that the creditor failed to prove that it reasonably relied upon the misrepresentation, the debt is not one which may be excepted from discharge. The sole issue before the Court is the dischargeability of the debt in question. Thus, any alleged fraud or violation of the agency relationship has no relevance to the narrow issue before us. Pacific may have a remedy at law which it may decide to pursue at a later date; that issue has not properly been raised and we decline consideration.

The notorious practices of some consumer finance companies have been noted by The Report of the Committee on the Judiciary, H.R.Rep.No.95–595 95th Cong., 1st Sess. (1977) and appear relevant here. The House Report on page 130 U.S. Code Cong. & Admin. News 1978, pp. 5787, 6091 states:

> It is a frequent practice for consumer finance companies to take a list from each loan applicant of other loans or debts that the applicant has outstanding. While the consumer finance companies use these statements in evaluating the credit risk, very often the statements are used as a basis for a false financial statement exception to discharge. The forms that the applicant fills out often have too little space for a complete list of debts. Frequently a loan applicant is instructed by a loan officer to list only a few or only the most important of his debts. Then, at the bottom of the form, the phrase "I have no other debts" is printed on the form, or the applicant is instructed to write the phrase in his own handwriting. In addition, the form states that the creditor has relied on the statement in granting the loan.

> However, the creditor often has other sources of information, such as credit bureau reports, to verify the accuracy of the list of debts. Nevertheless, if the debtor filed bankruptcy, creditors with these financial statements are in a position to threaten the debtor with litigation to determine the dischargeability of the debt, based on the false financial statement exception to discharge. Most often, there has been no intent to deceive on the part of the debtor, and, as in so many aspects of the creditor-debtor relationship, the debtor has simply followed the creditor's instructions with little understanding of the consequences of his action.

The Court must also bear in mind the beneficial policy allowing the honest debtor to get a fresh start in life. Consequently, § 17 of the Bankruptcy Act (for our purposes § 523 of the Code) will be construed strictly against creditor's objections and liberally in favor of the debtors. *See In re Jones, supra.*

Therefore, taking into consideration all of the circumstances of this case, we find that the creditor has failed to prove the requisite "reasonable reliance." The debt therefore shall be discharged.

Since this consumer debt has been determined dischargeable in an action initiated by the plaintiff-creditor under Section 523(a)(2) of the Code, Section 523(d) requires that the Court grant judgment against the plaintiff and in favor of the debtors for costs and a reasonable fee to counsel for the debtors, unless to do so would be clearly inequitable. A hearing will be held on the issue of attorney's fees and costs at which time counsel will have an opportunity to present evidence or testimony regarding this narrow issue.