**In re Anthony KOSTOGLOU and Bess Kostoglou, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Anthony KOSTOGLOU and Bess Kostoglou, Defendants.**

**Bankruptcy No. B85–00601–Y.
Adv. No. 86–0059.**

United States Bankruptcy Court,
N.D. Ohio.

May 18, 1987.

Mark Schlachet, Cleveland, Ohio, for debtors/defendants.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio, for U.S.I.R.S.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the Motion of Debtors to dismiss the above-captioned adversary proceeding or, in the alternative, for summary judgment on the issues presented herein. Plaintiff, THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE ("IRS"), has opposed the Motions. Briefs have been filed by both parties.

The parties do not dispute the factual background of this case. Debtors filed a Petition for Relief under Chapter 11 of Title 11 on July 1, 1985. The IRS was listed as a priority creditor in the amount of Thirty-Six Thousand, Four Hundred & 00/100 Dollars ($36,400.00); as a secured creditor in the cumulative amount of Five Hundred Fifty-Two Thousand, Five Hundred Fourteen & 00/100 Dollars ($552,514.00) and as an unsecured creditor to the extent that the claim of the IRS exceeded the value of the property to which the IRS had attached its liens. Debtors valued their real property in the Schedules at Six Hundred Eighty-Nine Thousand, Five Hundred & 00/100 Dollars ($689,500.00). Debtors filed a proposed Disclosure Statement and Plan of Reorganization on December 23, 1985. A hearing on the Disclosure Statement was set for January 30, 1986, notice being sent to all creditors on January 2, 1986. The Disclosure Statement was approved by the Court, without objection, on January 30, 1986. March 14, 1986, was fixed as the last day for filing objections to the Plan, and a hearing on the confirmation of the Plan was set for March 17, 1986.

On March 14, 1986, the IRS filed an Objection to the Chapter 11 Plan. In the Objection, the IRS contended that the Plan erroneously listed the IRS as a secured

creditor in the amount of One Hundred Sixty-Three Thousand, Seven Hundred Twenty-Four & $^{69}/_{100}$ Dollars ($163,724.69), while the IRS claims that it was actually secured by property of the estate in the amount of Two Hundred Ninety-One Thousand, Nine Hundred Seventy-Five & $^{89}/_{100}$ Dollars ($291,975.89).

Apparently, Debtors' counsel met with counsel for the IRS after receiving notice of the Objection, but before the hearing set for March 17, 1986. Their discussion was memorialized in a letter dated March 14, 1986, attached as Exhibit "F" to the Debtors' Brief in Support of the Motion to Dismiss. With regard to the value of the Debtors' property, the parties apparently agreed that the Court would determine the value of the properties from the evidence to be presented at the confirmation hearing. The confirmation hearing was held on March 17, 1986. At that time, Debtor, ANTHONY KOSTOGLOU, testified as to the value of the properties owned by the Debtors. According to him, the liquidation values of the parcels of property were the appropriate values to be used for the purpose of determining the secured nature of the claims of the IRS and other creditors, rather than the book values which had been set forth in the Schedules. The Court, having a general knowledge of the areas in which most of Debtors properties were located, determined that the liquidation values set forth in Exhibit B to the disclosure statement more appropriately represented the actual value of the parcels of real estate than did the book value of the parcels as set forth in the Schedules. Accordingly, on March 17, 1986, the Court entered an Order approving the Plan of Reorganization, subject only to the resolution of the problem with the IRS with regard to the priority status of the taxes due and owing for the years 1978 through 1981.

On April 15, 1986, the IRS filed a Motion for hearing on the valuation of Debtors' property or, in the alternative, an Order revoking the Order of Confirmation on the basis that the real property owned by Debtors was substantially undervalued in the Disclosure Statement. Debtors have objected to the IRS's Motion, stating that the Order of Confirmation of March 17, 1986, is *res judicata* as to the value of Debtors' property and that the only basis upon which the Order of Confirmation could be questioned was fraud in the procurement of the Order. The Court agreed with Debtors that the Confirmation Order was *res judicata* as to the value of Debtors' property and thus overruled the Motion of the IRS for a valuation hearing by Order dated July 1, 1986. The IRS then initiated the instant adversary proceeding, pursuant to 11 U.S.C. Sec. 1144. The Complaint alleges that the Debtors, with the intent to deceive and defraud creditors, knowingly misrepresented the values of their various real estate holdings to the Court in connection with the confirmation of their Chapter 11 Plan and that the Court relied upon those misrepresentations and was thereby induced to confirm the Plan.

In connection with the Motion to Dismiss, the Debtors argue three bases for the proposition that the IRS has failed to state a claim upon which relief may be granted. First, Debtors argue that there is no claim of reliance by the IRS and that, without a claim of reliance by the complaining party, the Confirmation Order cannot, in law, be held to have been procured by fraud. The IRS counters that it need not plead reliance by it since an allegation of "fraud on the court" is sufficient to state a claim under Sec. 1144.

The Court agrees, in substance, with the IRS. The statute itself does not speak in terms of "classical fraud" or "fraud on the court." Instead, the statute simply reads:

On request of a party in interest at any time before 180 days after the date of the entry of the Order of Confirmation, and after notice and a hearing, the Court may revoke such Order if, and only if, such Order was procured by fraud.

The term "fraud" has not been defined by Congress. In fact, the term has never been given a precise definition for fear that the craft of men should find ways of committing fraud which might evade such a definition. *Hanes v. Giambrone*, 14 Ohio App.3d 400, 471 N.E.2d 801, 809

(1984); *New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 292 S.W.2d 749 (1956). It has been said that the law does not define fraud for "it needs no definition; it is as old as falsehood and as versable as human ingenuity." *Weiss v. U.S.*, 122 F.2d 675, 681 (5th Cir.); *cert. den'd.*, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941). We do know that the term includes any "deceit, artifice, trick or design ... used to cheat another—something said or done or omitted with the design of perpetrating a cheat or deception." *Black's Law Dictionary*, 541 (Rev. 5th Ed. 1979). We also know that "fraud" requires proof of bad faith, immorality or intentional wrongdoing, *Byrd v. Byrd (In re Byrd)*, 9 B.R. 357 (Bankr.D.D.C.1981). In the end, determinations of the existence of "fraud" must be made on the specific facts of each case with a view to whether, in each case, the requisite fraudulent intent has been shown.

■ We think that misrepresentations made to a bankruptcy court concerning the value of property owned by a debtor is the type of "fraud" contemplated by Congress in enacting Sec. 1144. Further, we do not think, as is urged by Debtor, that reliance by a creditor or other party is a necessary element. We think it sufficient that a showing be made that the court relied thereon and that a creditor or other party was damaged thereby. Certainly, other courts have been of that opinion. *See Arnold v. Arnold*, 326 F.2d 960 (9th Cir.1964), wherein an Order setting aside confirmation of an arrangement was affirmed on grounds of fraud in its procurement where the Debtor had included community property in his assets and then had failed to inform the court of pending divorce proceedings against him. *See also, Stamford Municipal Employees Credit Union, Inc. v. Edwards (In re Edwards)*, 67 B.R. 1008 (Bankr.D.Conn.1986), wherein the court held that a creditor seeking revocation of confirmation of a Chapter 13 Plan must prove, among other things, that the court was induced to rely upon the misrepresentations of the debtor and that, as a consequence, the court entered the confirmation

order. Thus, the Court overrules the Debtors' Motion to Dismiss in this regard.

Debtors next argue that the Complaint should be dismissed for failure to state a claim upon which relief can be granted since "mere false testimony" upon issues heard and submitted to the court is not a basis for revocation of a prior Order of the court. In support, the Debtors cite the U.S. Supreme Court case of *U.S. v. Throckmorton*, 98 U.S. (8 Otto) 61, 25 L.Ed. 93 (1878). In *Throckmorton*, The United States sought to set aside a judgment obtained some twenty years earlier on the grounds that the prior decree had been obtained by fraud. In holding that the judgment would not be set aside, the court set forth the rule

> ... that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.

*Throckmorton*, 98 U.S. at 68.

■ The Debtors argue that because the type of fraud alleged herein is intrinsic fraud; i.e., false testimony on matters submitted to the Court, as opposed to extrinsic fraud, the rule of *Throckmorton* applies to bar the instant suit. The Court disagrees. Sec. 1144 speaks in terms of "fraud." It does not distinguish between instrinsic or extrinsic fraud. As a matter of law, we think that it encompasses any action in a bankruptcy proceeding by which a party obtains confirmation of a Plan by deceptive practices with a deceptive intent. If *Throckmorton* presents an otherwise applicable rule of law, we think that Sec. 1144 provides a legislated exception to that rule.

■ In *In re Roukous*, 12 Am.B.R. 128 (D.R.I.1904), the court was faced with a Petition to set aside a composition for fraud under Sec. 13 of the Bankruptcy Act, which Section is analogous to current Sec. 1144 of the Bankruptcy Code. The Petition set forth as its basis the making of an oath in the debtor's Schedules and the concealment

of property. The debtor relied upon *Throckmorton* in opposing the Petition to set aside. In overruling the debtor's demurrer to the Petition, the court stated:

Upon the bankrupt's construction of Sec. 13, if a creditor believes a bankrupt's oath, makes no further inquiry, and learns of no fraud, he is absolutely precluded from setting up frauds which would have been a bar if discovered and urged before the confirmation. A construction which would require a creditor to disregard a bankrupt's oath to his Schedule, and to make an independent investigation into the bankrupt's affairs before agreeing to the composition, under penalty of being finally precluded by the confirmation thereof, would be unreasonable. Compositions are ordinarily made with a view to a speedy settlement. It is not a requirement of ordinary diligence that a creditor should assume a bankrupt to be guilty of a false oath, and, upon such assumption, make in each case, an independent investigation before agreeing to the terms of the composition.

The theory upon which *Roukous* was decided is equally applicable in cases under the Bankruptcy Code. Debtors' construction of Sec. 1144 would render that Section ineffective in its goal to insure that honesty accompanies all reorganization proceedings before a bankruptcy court. Any policy of finality of judgments, upon which *Throckmorton* was decided, must take a backseat to that all-important policy of honesty in connection with bankruptcy proceedings. Therefore, Debtors' Motion to Dismiss is overruled in this regard, also.

As the third and final basis for the Motion to Dismiss, Debtors argue that the IRS has failed to state a claim upon which relief may be granted since an expression of opinion as to the value of property is ordinarily not actionable. In support, Debtors cite the case of *McNabb v. Thomas*, 190 F.2d 608 (D.C.Cir.1951). In *McNabb*, the plaintiff sought to set aside an exchange of realty on the ground of fraudulent misrepresentation. The lower court entered judgment for the defendants on the ground that there had been no fraud or misrepresenta-

tion practiced by the defendant and, further, that the plaintiff had not relied upon the representations made by the defendant. On appeal, the Court of Appeals for the D.C.Circuit affirmed on the basis that the records supported the District Court's finding that the plaintiff had not relied on the defendant's representations.

But we do not think that this case must depend upon the merits of *Thomas's* representation of value. Even if made and if considered material, thereby giving rise to the presumption that it induced the action complained of, there is ample evidence in the record to rebutt that presumption and to support the trial judge's finding that *McNabb* did not, in fact, rely thereon.

*McNabb*, 190 F.2d at 611. Thus, any discussion by the court with regard to the actionable character of representations of value is *dicta* and not appropriate as authority for the position urged by Debtors. *McNabb*, however, is helpful in setting forth the applicable law on the subject, and the Court will refer to it for that purpose only.

Debtors are correct that, in some circumstances, an expression of opinion as to the value of property is ordinarily held not to be actionable because it is not considered to be a statement of fact. The reason for this rule is clear: in bargaining, the parties will ordinarily "puff their wares in terms which neither side means seriously, and which either so takes it as peril." *U.S. v. Rowe*, 56 F.2d 747, 749 (2d Cir.1932), quoted in *McNabb*, 190 F.2d at 610 n. 7. This general rule is an outgrowth of the doctrine of *caveat emptor* and has been used to further the policy that "the law of fraud cannot be invoked to invalidate a bad bargain arrived at by informed parties." *McNabb*, 190 F.2d at 611. While the Court does not question the soundness of this rule with regard to tort actions between buyer and seller, we seriously question its applicability to a situation such as this where there are allegations of misrepresentations as to the value of property to a bankruptcy court in connection with a Plan of Reorganization under Chapter 11. Furthermore, while the

above-stated principle does set forth a general rule of law, there are exceptions to that rule. "It is no longer law that declarations of value can never be a fraud. Like other words, they get their color from their setting.... Values are facts as much as anything else." *U.S. v. Rowe*, 56 F.2d at 749. In addition, it has been recognized that an expression of opinion, given falsely and with intent to deceive, is actionable. *Magnaleasing, Inc. v. Staton Island Mall*, 563 F.2d 567 (2d Cir.1977); *Harazim v. Lynam*, 267 Cal.App.2d 127, 72 Cal.Rptr. 670 (1968). *See U.S. v. Amrep Corp.*, 560 F.2d 539 (2d Cir.1977), *cert den'd.*, 434 U.S. 1015, 98 S.Ct. 731, 54 L.Ed.2d 759 (1978); *U.S. v. Hannigan*, 303 F.Supp. 750 (D.Ct. 1969).

The Court determines that the Debtors' statements with regard to the value of his property may be the basis of a proceeding under Sec. 1144, even if those statements constitute "opinions," provided the remaining elements of Sec. 1144 are present. For this reason, and for the reasons stated above, the Motion to Dismiss is overruled.

In the alternative, Debtors have made a Motion for Summary Judgment, arguing that there are no material issues of fact to be decided and that they are entitled to judgment as a matter of law. On the contrary, we think that there is a major issue of fact left unresolved at this point; i.e., the intent of Debtors. We do not know if fraudulent intent accompanied the confirmation proceedings before this Court. We do know that if Debtor, ANTHONY KOSTOGLOU, had reason to know that the values of his property were substantially in excess of the values he placed upon them and if he placed those values upon those properties for the purpose of misleading the Court, with the requisite unlawful intent, into confirming a Plan which substantially reduced the secured status of the IRS's claim, that would constitute "fraud" within the meaning of Sec. 1144.

Counsel for the IRS has represented to the Court that its appraisals of Debtors' properties is some Four Hundred Ten Thousand & 00/100 Dollars ($410,000.00) to Four Hundred Fifty Thousand & 00/100 Dollars ($450,000.00) more than what Debtor, ANTHONY KOSTOGLOU testified to in the confirmation proceedings. The disparity in value alone may not be enough to prove "fraud" under Sec. 1144. That disparity is sufficient, however, to raise a question of fact and we must overrule the Motion for Summary Judgment. An appropriate Order shall issue.