**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-41050
_____

In the Matter Of: Athanassios Nikoloutsos,

Debtor.
_____

Wanda Nikoloutsos,

Appellant,

v.

Anthanassios Nikoloutsos,

Appellee.
_____

Appeal from the United States District Court
for the Eastern District of Texas
_____
January 6, 2000

Before REYNALDO G. GARZA, JOLLY, and, DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 1995, in the actual damages phase of a personal injury trial, a state court entered a $600,000 judgment in favor of Mrs. Nikoloutsos.  The jury found that Mr. Nikoloutsos had maliciously assaulted his former spouse.  Three days later, Mr. Nikoloutsos filed for Chapter 7 relief.  The next day, the bankruptcy court lifted the automatic stay to permit the state court to proceed with the punitive damages phase of the trial.  On June 14, 1995, the state court entered an amended judgment in the amount of $863,440.  This included the original award of damages plus the exemplary damages and prejudgment interest.  There is no indication that Mr.

Nikoloutsos ever appealed this state court judgment.

After filing his Chapter 7 petition, Mr. Nikoloutsos realized that the judgment against him for his tortious conduct was not dischargeable under Chapter 7. On July 6, 1995, Mr. Nikoloutsos filed a motion to convert Chapter 7 to Chapter 13 pursuant to 11 U.S.C. § 706(a). The bankruptcy court granted the motion just four days after it was filed without waiting for expiration of the 20 day notice period stated in the motion. Mrs. Nikoloutsos did not appeal the order.

On July 20, Mrs. Nikoloutsos filed an objection to the motion to convert, arguing that Mr. Nikoloutsos did not file it in good faith because his debt exceeded the $250,000 limit established by § 109(e) and was not dischargeable under either Chapter 7 or Chapter 13. The bankruptcy court never ruled on this objection, finding that Mrs. Nikoloutsos failed to properly preserve error.

At the end of July, the bankruptcy court issued an order for the meeting of creditors and announced that all claims had to be filed by December 6, 1995. In early August, Mrs. Nikoloutsos filed a motion for dismissal on the ground that the state court judgment against Mr. Nikoloutsos was not dischargeable. The bankruptcy court denied the motion on September 5, 1995.

On October 4, 1995, Mrs. Nikoloutsos filed a complaint to determine the dischargeability of the debt. In her complaint, Mrs. Nikoloutsos argued that the state court judgment was not dischargeable under 11 U.S.C. § 523(a)(6). The court did not immediately respond. The bankruptcy court held the confirmation hearing on January 10, 1996, finding that Mrs. Nikoloutsos had failed to file a proof of claim. However, Mrs. Nikoloutsos objected to the plan, contending that the bankruptcy court should not confirm the plan until it resolved the issue of whether the state court judgment was dischargeable. The bankruptcy court confirmed the plan on January 11, 1996, holding that no meritorious objection to the plan had been raised.

Mr. Nikoloutsos next filed a motion for summary judgment in the adversary proceeding,

on the grounds that § 523(a)(6) claims are not exempted from discharge under § 1328(a)(2). This motion was denied. Mrs. Nikoloutsos then filed a motion to convert or dismiss, which the court denied on May 14, 1996. Mrs. Nikoloutsos also moved for summary judgment on her complaint to revoke confirmation pursuant to § 1330(a) on the basis that Mr. Nikoloutsos engaged in fraudulent conduct. The motion was denied and Mr. Nikoloutsos ultimately prevailed in the adversary proceeding.

Mrs. Nikoloutsos appealed to the federal district court on October 30, 1997, based on six orders by the bankruptcy court. The district court, however, affirmed the bankruptcy court on each. Mrs. Nikoloutsos now appeals to the Fifth Circuit.

## II. STANDARD OF REVIEW

We must review the district court's holding that Mrs. Nikoloutsos failed to file a timely proof of claim under two different standards. First, we review the district court's decision to apply the Tenth Circuit's five-part test as articulated in *Reliance Equities, Inc. v. Valley Federal Savings and Loan Ass'n*, 966 F.2d 1338, 1345 (10th Cir. 1992) *de novo*, because that is a matter of law. *In re "RONFIN" Series C Bonds Security Interest Litigation*, 182 F.3d 366, 370 (5th Cir. 1999). Second, we review the balancing of equities for abuse of discretion. *Id.*

## III. ANALYSIS

The district court held that Mrs. Nikoloutsos had not filed a timely proof of claim, despite her filing of an adversary proceeding before the deadline for claim filing and her subsequent filing of a formal proof of claim. The district court evaluated the complaint using a five-part test from the Tenth Circuit as articulated in *Reliance Equities, Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992). This test requires that, to qualify as an informal proof of claim: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances. *Nikoloutsos v. Nikoloutsos*, 222 B.R. 297, 307 (E.D. Tex.

1998). The district court held that the complaint met the first four requirements, but failed the fifth, the balancing of equities. Based on this, and because Mrs. Nikoloutsos's April 4, 1996 formal proof of claim came after the December 6, 1995 deadline, the district court determined that Mrs. Nikoloutsos had failed to file a timely proof of claim.

We hold that the district court erred in concluding that Mrs. Nikoloutsos's October 4, 1995 complaint did not qualify as an informal proof of claim. There is no standard test in this circuit for evaluating whether a complaint in an adversarial proceeding qualifies as an informal proof of claim. However, the Tenth Circuit adopted the five-part test in *Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992), and use of this test is common among lower courts. *See, e.g., In re Sunwest Hotel Corp.*, 1998 WL 982905 *10 (D. Kan. 1998); *In re Southwest Equipment Rental, Inc.*, 193 B.R. 276 (E.D. Tenn 1996); *Americana Expressways, Inc.*, 161 B.R. 707, 714 (D. Utah 1993); *In re Murchison*, 85 B.R. 37, 41 (N.D. Tex. 1987).

We adopt the Tenth Circuit test. The first four elements, writing, filing, stating a claim and evincing intent to hold liable, are important to provide notice, not just to the debtor, but also to the bankruptcy court. That is critical for an orderly disposition of claims. Courts are less likely to be informed about a claim if the filing requirement is eliminated. The fifth element of the Tenth Circuit test is also appropriate. Bankruptcy courts are courts of equity. *Matter of Cajun Electric Power Cooperative, Inc.*, 1999 WL624018 (5th Cir. 1999). Whether to forego a formal requirement out of equitable concerns inherently involves that equitable power. Thus, the district court applied the proper legal test.

Despite using the appropriate legal rule, the court abused its discretion in holding that equities weighed against treating the complaint as an informal proof of claim. It based this determination on four factors. The first was that Mrs. Nikoloutsos's counsel consciously decided not to file a formal proof of claim and failed to inform the bankruptcy court that she intended to use the complaint as an informal proof of claim. *Nikoloutsos*, 222 B.R. at 308. The second was that Mrs. Nikoloutsos did not re-urge her position on the issue or file a formal proof of claim until

April 17, 1996. *Id.* Third, requiring the parties to return to the bankruptcy court would impose a substantial burden on Mr. Nikoloutsos. *Id*. Fourth, the court held that Mrs. Nikoloutsos "did not correctly follow the complicated procedures of bankruptcy law." *Id*.

None of these factors warrants the district court's result. First, while Mrs. Nikoloutsos's counsel did not specifically inform the bankruptcy court of his intent to use the complaint as an informal proof of claim before the January 10, 1996, confirmation hearing, he did so during that hearing. And at that same hearing, the bankruptcy judge seemed willing to accept the complaint for that purpose: "[w]ell, I've held a lot of times that a filing of an Adversary on the same subject matter is tantamount to . . . the filing of a Proof of Claim. . . So what we have here is an informal Proof of Claim." After that, however, the bankruptcy court affirmed the plan without further discussion. It is not clear why or what the court based its decision on. Under these circumstances, the lawyer's choice not to file a formal claim, and to assume that the judge would recognize that the complaint was being used as an informal one, was reasonable.

Second, Mrs. Nikoloutsos's failure to "reassert" that the complaint was to be used as an informal proof of claim until April 1996 does not weigh against its use for the purpose. That was the first hearing to follow the January 10 hearing.

Third, concern with the burdens on Mr. Nikoloutsos is misplaced given the facts of this case. Mr. Nikoloutsos, after all, began this process to avoid paying the judgment for maliciously assaulting his wife. It is difficult, moreover, to imagine a simpler proceeding than would be required here. There is only one creditor who participated in the bankruptcy proceedings, Mrs. Nikoloutsos, and the bankruptcy court would not need to spend time litigating the amount of the claim: the court that heard the malicious assault claim has already determined the appropriate amount. Finally, the amount in question is substantial, $863,440. It would be extremely harsh to deny Mrs. Nikoloutsos this judgment.

Fourth, though the district court was right to conclude that Mrs. Nikoloutsos did not follow bankruptcy law's "complicated procedures," that is true every time a creditor relies on an

informal proof of claim as opposed to a formal one.  And that is what the rules of equity require, being flexible with regard to form when justice requires.  Finding that the equities clearly weigh in Mrs. Nikoloutsos's favor, we conclude that the bankruptcy court should have treated the complaint as an informal proof of claim.

The bankruptcy court also committed error when it allowed Mr. Nikoloutsos to convert from Chapter 7 to Chapter 13.  Given that Mrs. Nikoloutsos's October 4, 1995 complaint constitutes an informal proof of claim, the conversion was improper because the judgment against Mr. Nikoloutsos in the amount of $863,4440 establishes a noncontingent, liquidated, unsecured debt to Mrs. Nikoloutsos.  This is in excess of the $250,000 limits of Chapter 13 as set forth in 11 U.S.C. § 109(e).  Ineligible for the protections of Chapter 13, Mr. Nikoloutsos should not have been allowed to convert.

Furthermore, the bankruptcy court was on notice of the first judgment against Mr. Nikoloutsos regardless of whether Mrs. Nikoloutsos filed a proof of claim.  After all, the bankruptcy court lifted the automatic stay to allow for the punitive damages phase of the state court malicious assault proceeding.[1]  In addition, on the date Mr. Nikoloutsos filed for Chapter 7 bankruptcy, the state court had already entered a $600,000 compensatory judgment in favor of Mrs. Nikoloutsos.  Thus, instead of listing his debt to Mrs. Nikoloutsos as zero, he should have included the tort judgment against him.

In assessing whether Mr. Nikoloutsos obtained the Chapter 13 conversion, and thus the plan's confirmation fraudulently, we must first determine what the appropriate framework is to conduct this analysis.  Both the bankruptcy and district courts used the five-part test from *In re Edwards*, 67 B.R. 1008, 1009-10 (Bankr. D. Conn. 1986).  We review findings of fact within this framework using the "clearly erroneous" standard.  *In re Webb*, 954 F.2d 1102, 1104.  The district court affirmed the bankruptcy court's holding that Mrs. Nikoloutsos had not demonstrated that Mr. Nikoloutsos knew the representation was false or made it in reckless disregard for the

---

[1]  We do not intend to impose an investigatory duty on the court.  However, a court cannot ignore what has been brought to its attention.

truth. The district court further found that the bankruptcy court did not rely on the alleged misrepresentation when confirming Mr. Nikoloutsos' plan.

However, we hold that these two findings were clearly erroneous. Under 11 U.S.C. § 1330 (a), to prove that a debtor obtained a confirmation of his plan by fraud, the creditor must prove: (1) that the debtor made a representation regarding his compliance with § 1330 (a) which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered confirmation. *See In re Edwards*, 67 B.R. 1008, 1009-10 (Bankr. D. Conn. 1986). At the time the Debtor filed his schedules, Mr. Nikoloutsos was fully aware of the May 12, 1995, judgment in the amount of $600,000, as well as the amended judgment in the amount of $863,440. Furthermore, he failed to amend his schedule long past the time when the judgment was unmistakably final. Mr. Nikoloutsos's argument that he failed to list the judgment against him in reliance on advice from his counsel does not excuse the lack of candor.

The information provided by a debtor in the several petition documents should not only be complete but truthful so that the court and other parties in interest can reasonably rely upon the data contained therein. By listing the debt to Mrs. Nikoloutsos as $0.00 in the original petition and later failing to amend the petition, Mr. Nikoloutsos made a materially false representation which was either known by him to be false or made with reckless disregard for the truth. It is clear from the facts of this case, which arise from an attempt by Mr. Nikoloutsos to avoid the judgment against him, that Mr. Nikoloutsos provided the materially false information with the intent of inducing the court to rely upon it. Although the bankruptcy court was aware of the state court judgment before confirmation, the court must have relied on the $0.00 figure provided by Mr. Nikoloutsos because otherwise his debt would have exceeded the $250,000 limit established by § 109 (e) and been non-dischargeable under either Chapter 7 or Chapter 13. As a consequence

of the bankruptcy court's implicit reliance on the incorrect schedules, it entered the confirmation.

In sum, we hold that Mrs. Nikoloutsos's October 4, 1995 complaint qualifies as an informal proof of claim because the equities clearly weigh in her favor. As such, we also find that the bankruptcy court erred in allowing Mr. Nikoloutsos to convert from Chapter 7 to Chapter 13 because the judgment against him exceeded the limits of Chapter 13 as set forth in 11 U.S.C. § 109(e). Finally, we conclude that the district court's finding that Mr. Nikoloutsos did not obtain the Chapter 13 conversion, and therefore the plan's confirmation, fraudulently was clearly erroneous.

IV. CONCLUSION

Accordingly, we REVERSE and REMAND to the district court with instructions to remand this case to the bankruptcy court with instructions to vacate its order confirming the Chapter 13 plan, to vacate its order permitting conversions from Chapter 7 to Chapter 13, to proceed with this case as a Chapter 7 case, beginning at the point that the conversion from Chapter 7 to Chapter 13 should have been denied, and to enter such further orders consistent with this Court's opinion as may be necessary to a final disposition of the Chapter 7 proceeding.