United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

—————

m 06-20115

—————

IN THE MATTER OF:

DONALD RAY THOMAS
AND
PAMELA JEAN PIPKINS-THOMAS,

Debtors.

DONALD RAY THOMAS
AND
PAMELA JEAN PIPKINS-THOMAS,

Appellants,

VERSUS

UNITED STATES OF AMERICA,

Appellee.

✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳ ✳

—————————

№ 06-20777

—————————

IN THE MATTER OF:

DONALD RAY THOMAS, SR.
AND
PAMELA JEAN PIPKINS-THOMAS,

Debtors.

DAVID W. BARRY, DONALD RAY THOMAS, SR.;
PAMELA JEAN PIPKINS-THOMAS,

Appellants,

VERSUS

UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE;
UNITED STATES OF AMERICA,

Appellees.

—————————————

Appeals from the United States District Court
for the Southern District of Texas
№ 4:05-CV-3322

—————————————

2

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Through these two consolidated appeals, chapter 13 debtors Donald Thomas and Pamela Pipkins-Thomas challenge two district court affirmances of bankruptcy court rulings allowing a late-filed IRS proof of claim as an amendment to an earlier claim and vacating the confirmation of a chapter 13 plan. Their counsel throughout the bankruptcy process, David Barry, appeals the district court's affirmance of sanctions levied against him by the bankruptcy court. Because the district court correctly dismissed debtors' first appeal, and the bankruptcy court did not abuse its discretion by vacating the plan or imposing sanctions, we affirm.

I.

In May 2003, the IRS informed debtors that their 2001 tax return had been selected for audit. In September 2003, the IRS issued debtors a notice of deficiency for $27,109 in additional taxes and a $5,421.80 penalty; debtors did not challenge this notice in Tax Court.

On October 1, 2003, debtors filed a chapter 13 petition listing the IRS as a creditor. On October 20, 2003, debtors filed a sworn bankruptcy schedule listing a priority unsecured claim on behalf of the IRS for $20,000; the schedule did not indicate that the claim was disputed, liquidated, or contingent. On December 16, 2003, debtors filed an amended chapter 13 plan summary showing an IRS priority unsecured claim of $5,000 and providing for payment of that amount to the IRS.

On January 13, 2004, debtors' chapter 13 plan was confirmed. The IRS was provided timely notice of all the proceedings, and an IRS representative was present at the confirmation hearing and did not object.[1]

On February 2, 2004, debtors filed a proof of claim for $5,000 on behalf of the IRS. Barry later admitted that he intentionally had failed to list details about the claim so that it would appear ambiguous, intending to avoid disclosure of the tax period, time, and amount.

On December 21, 2004, months after the deadline for filing government proofs of claim, the IRS filed a proof of claim showing an unsecured nonpriority claim of $5,524.47 and an unsecured priority claim of $29,724.20. Debtors filed an objection to the claim, alleging that it had not been filed timely, and filed an unopposed motion to sever the issue of the timeliness of the IRS's claims.

On April 13, 2005, the bankruptcy court granted the motion and ruled that the IRS's proof of claim was a valid amendment to debtors' proof of claim filed on the IRS's behalf. The court noted that debtors' proof of claim had intentionally made the tax claim ambiguous, despite debtors' knowledge of the source of the claim. The April order specified that it was a "final order on the severed matter

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The IRS did not object at the confirmation hearing or in response to notices of the debtors' filings. In a case without an admission of affirmative misrepresentation and fraud on the court, we might not be sympathetic to a creditor that sat on its rights.

that is adjudicated by this order."

On September 13, 2005, the bankruptcy court signed the parties' "Agreed Order Denying Debtors' Objection to IRS Claim." The order stated that "The IRS Proof of Claim dated August 24, 2005, in the amount of $34,822.67 is correct and ALLOWED as filed . . . . Debtors' objection to IRS Claim is DENIED." This order is signed by Barry as debtors' attorney and is marked "with permission" and "[a]greed as to form and substance."

Debtors appealed to the district court, which dismissed the appeal with prejudice. Meanwhile, the bankruptcy court held hearings to determine whether Barry and debtors had intentionally filed vague, misleading, and false documents. The court concluded that the bankruptcy schedules and proof of claim presented intentionally false statements and were designed to mislead the court. The court vacated the plan confirmation and levied sanctions on Barry. The district court affirmed both these decisions.

## II.

Debtors appeal the bankruptcy court's decision to allow the IRS's late-filed proof of claim as an amendment to the earlier proof of claim filed by debtors. Although that order was entered on April 13, 2005, debtors did not file a notice of appeal until after they had signed the September 13, 2005, Agreed Order.

A party cannot appeal a judgment to which he has consented.[2] Although debtors now

---

[2] *Swift & Co. v. United States*, 276 U.S. 311, 323-24 (1928) ("[A] decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the
(continued...)

claim that the September order was entered into only to have a final order from which to appeal, that assertion is belied by the face of the order: There is no language suggesting that any rights were preserved for appeal or that there is any remaining controversy. The debtors cite no cases in which courts have heard appeals on the underlying merits of issues stipulated in agreed judgments, nor have debtors explained how they are aggrieved by a judgment to which they agreed as to substance. Debtors are estopped from appealing the September order.

Any claims the debtors may have had regarding the April order have been rendered moot by the September order, which ratified the bankruptcy court's April rulings. Because the debtors have no right to appeal from an order to which they agreed, the district court correctly dismissed their appeal with prejudice.

## III.

Debtors appeal the bankruptcy court's order vacating the confirmed chapter 13 plan. They argue that the court had no authority to vacate the plan *sua sponte* 761 days after the confirmation order was entered because, according to the terms of the Bankruptcy Code, a confirmed chapter 13 plan can be revoked only if a party in interest makes a request within 180 days.[3]

---

[2](...continued)
cause.").

[3] The Bankruptcy Code provides a statutory method of revoking a confirmation order in cases of fraud:

On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this
(continued...)

4

"Bankruptcy Courts are courts of equity," *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir. 2000), and "a court of equity is enabled to frustrate fraud and work complete justice." *Tex. Co. v. Miller*, 165 F.2d 111, 116 (5th Cir. 1947). The Bankruptcy Code grants broad statutory power to bankruptcy courts:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). From the face of the statute, the fact that the Bankruptcy Code may allow parties in interest to request revocation of a confirmed plan does not prevent the court from taking the action *sua sponte*.

In *Nikoloutsos*, this court considered a case in which a debtor owed a $800,000 personal injury judgment that he did not appeal. He filed a chapter 13 petition despite the fact that chapter 13 is not available to debtors with over $250,000 in debts. *See* 11 U.S.C. § 109(e). He also listed his debt to the judgment creditor as zero. When the judgment creditor objected, the bankruptcy and district courts found that she had failed to file a timely proof of claim.

On review, we first reversed the lower court's findings that the proof of claim was not timely. *Nikoloutsos*, 199 F.3d at 236. We then found that the debtor had obtained a chapter 13 confirmation through "a materially false representation which was either known by him to be false or made with reckless disregard for the truth." *Id.* at 238. We remanded with instruction to the bankruptcy court to "vacate its order confirming the chapter 13 plan." *Id.*

The facts of this case are strikingly similar to those in *Nikoloutsos*. Debtors, through their counsel, intentionally misrepresented their debt to the IRS in their chapter 13 filings and, by their fraud, obtained a confirmed chapter 13 plan. On these facts, it was well within the equitable authority of the bankruptcy court to vacate debtors' confirmed chapter 13 plan, just as we instructed in *Nikoloutsos*.

Additionally, debtors cannot claim that the vacatur of the plan has deprived them of any right to which they are entitled.[4] The bankruptcy court's order provided the debtors an opportunity to file an amended plan, and counsel at argument admitted that a new chapter 13 plan has been confirmed with the sole alteration that the entire debt to the IRS is included. Debtors have no right to the discharge of a debt that is included in their plan only through fraudulent and misleading filings with the bankruptcy court. That court need not aid and abet debtors' fraud.

---

[3](...continued)
title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

11 U.S.C. § 1330(a).

[4] *See, e.g.*, *Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 739-40 (9th Cir. 1990) ("[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.").

## IV.

Barry appeals sanctions. We review the imposition of sanctions under Federal Rule of Bankruptcy Procedure 9011 for abuse of discretion. *Krim v. First City Bancorporation Inc. (In re First City Bancorporation Inc.)*, 282 F.3d 864, 867 (5th Cir. 2002) (per curiam).

The bankruptcy court found the following:

> Because Counsel has prepared, signed, and filed a false petition, an improper chapter 13 plan summary and chapter 13 plan, an objection to claim and related memoranda without factual or legal basis, and a proof of claim and has advocated all of those for improper purpose and knowing that they were factually incorrect, the Court concludes that counsel has violated FRBP 9011(b).

These are factual findings that we review for clear error, and Barry has provided no basis for disturbing them.

The bankruptcy court imposed three sanctions. First, because Barry in open court twice refused to recognize a duty of candor, the court imposed ethics instruction. Second, because making a false representation in a bankruptcy proceeding is a federal crime under 18 U.S.C. § 157(3), the court forwarded the memorandum opinion to the appropriate United States Attorney. Third, under authority of Canon 3(B)(3) of the Code of Conduct for United States Judges, the court forwarded a copy of the opinion to the State Bar of Texas.

Although these sanctions are strong, they are not an abuse of discretion. Bankruptcy courts are courts of equity and rely on the good faith of parties to function efficiently. *See, e.g.*, 11 U.S.C. § 1325(a)(3). Barry signed documents containing intentional misrepresentations in an attempt to abuse the bankruptcy process by discharging debts his clients could not challenge in good faith. Strong sanctions are necessary to deter this type of behavior.

The judgment of the district court, affirming the decisions of the bankruptcy court, is AFFIRMED.