**In re Erwin MAITEN and Renita Maiten, Debtors.**

**Bankruptcy No. 98–0080–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 28, 1998.

Albert H. Mickler, Mickler & Mickler, Jacksonville, FL, for debtor.

Frederick Rudzick, Tallahassee, FL, for Department of Revenue.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Erwin and Renita Maiten's ("Debtors") objection to Claim 7 filed by the State of Florida, Department of Revenue ("Department of Revenue") for past due child support owed to Erwin Maiten's former wife. Debtors' objection contends the Department of Revenue's priority claim is specifically excepted from 11 U.S.C. § 507(a)(7), and therefore it is general, unsecured, and non-priority. A hearing was conducted on August 12, 1998, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 6, 1998.

2. On or about May 20, 1998, the Department of Revenue filed a proof of claim on behalf of Debtor's former wife, alleging priority status in the amount of $15,711.17.

3. The basis for the proof of claim was stated as "child support".

4. On or about June 15, 1998, Debtors objected to the priority status of the child support claim.

5. On August 12, 1998, a hearing was held on Debtors' objection to Priority Claim 7.

6. At the hearing, it was agreed that the amount of the child support was not in dispute.

7. Debtors contend the claim for child support owed by Debtor, Erwin Maiten, has been assigned to the Department of Revenue, by operation of law, pursuant to Florida Statute § 409.2561, and therefore, is nonpriority under 11 U.S.C. § 507(a)(7)(A).

8. The Department of Revenue asserts that it is not an assignee of the claim, but rather, under Chapter 20 of the Florida Statutes, it is charged with enforcing the collection of child support on behalf of the custodial parent, and therefore, Claim 7 is accorded priority status under 11 U.S.C. § 507(a)(7).

### CONCLUSIONS OF LAW

A Chapter 13 plan of reorganization requires any claim entitled to priority under 11 U.S.C. § 507 be paid in its entirety within the life of the plan, unless the claim-holder consents to different treatment. *See* 11 U.S.C. § 1322(a)(2) (1994). Section 507 provides a list of certain claims and expenses that are accorded priority status and require full payment. More specifically, § 507(a)(7)[1] (A) provides:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed claims for debts to a spouse, or child of the debtor, for alimony to, or maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of

record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

(A) is assigned to another entity, voluntarily, by operation of law, or otherwise; ....

11 U.S.C. § 507(a)(7)(A) (1994).

The Debtors do not dispute that the Department of Revenue's claim is for child support and is normally entitled to priority under 11 U .S.C. § 507(a)(7). However, the Debtors object to the priority status of the claim alleging that it has been assigned to the Department of Revenue by operation of law, and therefore, is specifically excepted by § 507(a)(7)(A). The sole issue to be determined is: was the claim for child support assigned?[2]

Under Florida Statutes § 20.21, the Department of Revenue is charged with child support enforcement responsibilities, which include but are not limited to, enforcement of the program established by Title IV–D of the Social Security Act, 42 U.S.C. §§ 651 et seq. F.S.A. § 20.21(2)(h) (1994). Pursuant to Title IV–D of the Social Security Act, the Department of Revenue is obligated to, among other things, enforce and collect child support obligations. F.S.A. § 409.2557 (1997). The Department of Revenue is then charged with turning over these amounts to the extent that they were not assigned to the state or federal government. *See* 42 U.S.C. § 657 (1998).

---

1. Section 507 was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, which added subsection (a)(7) to the list of priority claims, and became effective October 22, 1994.

2. This Court recognizes that several courts have found it necessary to consider 11 U.S.C. § 523(a)(5) regarding dischargeability of support claims when determining whether a claim is a § 507(a)(7) priority. *See In re Grady*, 180 B.R. 461, 464 (Bankr.E.D.Va.1995); *In re Doe*, 193 B.R. 12 (Bankr.N.D.Cal.1996); *see also In re Beverly*, 196 B.R. 128, 132 (Bankr.W.D.Mo.1996) (noting Congress intended to accord priority status to governmentally assigned child support debts under § 507(a)(7) by using otherwise identical language to § 523(a)(5), despite not includ-

ing a similar provision specifically excepting such assignments); *In re Camacho*, 211 B.R. 744, 746 fn. 2 (Bankr.D.Nev.1997) (same); *but see In re Burns*, 216 B.R. 945 (Bankr.S.D.Cal.1998) (arguing if Congress intended to accord priority status to governmentally assigned support debts it would have made the appropriate change in the Code). However, these courts conducted this analysis mainly to determine whether the language excepting governmental assignees contained in § 523(a)(5), which does not appear in § 507(a)(7), affects the priority of a support debt as it does the dischargeability of the debt. In light of the foregoing, this Court does not find this analysis necessary in the present case.

The Debtors rely on Florida Statutes § 409.2561(2)(a) to support their argument that the child support claim was "assigned" to the Department of Revenue. Florida Statutes § 409.2561 provides:

(2)(a) *By accepting public assistance,* the recipient assigns to the department[3] any right, title, and interest to support the recipient may be owed:

1. From any other person up to the amount of public assistance paid where no court order has been entered, or where there is a court order;

2. On the recipient's own behalf or on behalf of another family member for whom the recipient is receiving assistance; and

3. At the time that the assignment becomes effective by operation of law.

F.S.A. § 409.2561(2)(a) (1998) (emphasis added).

The Debtors allege the plain language of Florida Statutes § 409.2561 indicates the claim for child support has been assigned to the Department of Revenue by operation of law. However, the Debtors' reliance on this statute is misplaced because they have failed to set forth any evidence of an assignment as contemplated by the statute. Typically, cases dealing with assignments of child support by operation of law deal with assignments to agencies such as Aid to Families with Dependant Children (AFDC)[4], or similar state agency,[5] which require such an assignment in order to receive public assistance from the agency. The reason for this is that the public assistance payments are made in lieu of the non-custodial parent's support, and when the custodial parent does collect, the payments will repay the agency for the assistance provided in lieu of the non-custodial parents'. *See In re Beverly,* 196 B.R. 128, 132 (Bankr.W.D.Mo.1996).

From the present record, it is unclear who the holder of the claim is or if there is more than one holder. However, it is certainly possible that the Department of Revenue is only representing the interests of Erwin Maiten's former spouse. Further, the Debtors have failed to offer evidence that the Debtor's former wife has accepted public assistance of any kind from the State of Florida or other governmental agency. From a plain reading of Florida Statutes § 409.2561(2)(a), the Department of Revenue is assigned the support rights of an individual, by operation of law, only when the individual is a recipient of public assistance. *See* F.S.A. § 409.2561(2)(a) (1998). This Court has previously noted that under § 409.2561 "any payment of public assistance benefits creates an obligation in the amount of assistance extended and that the acceptance of the public assistance is an assignment of support rights by operation of law." *In re Walden,* 60 B.R. 641, 645 (Bankr.M.D.Fla.1986); *see Florida Dep't of Health and Rehabilitative Services v. LaPlante,* 470 S.2d 832 (Fla.Dist. Ct.App.1985) (noting, pursuant to § 409.2561, the state becomes assignee of former wife's rights to support, to extent funds provided).

The Debtors cite *In re Burns,* 216 B.R. 945 (Bankr.S.D.Cal.1998), to support their argument. At issue in *Burns* was whether the debtors' obligation to the county on an assigned child support claim could be prioritized, and placed in a separate class from the debtors' other general unsecured debt. 216 B.R. at 945. However, in *Burns,* whether the child support claim had been assigned was not in dispute. The *Burns* holding simply stands for the proposition that under a literal reading of § 507(a)(7)(A), assigned support obligations, even when made to a governmental entity, are not accorded priority status. *Burns,* 216 B.R. at 947. Therefore, *Burns* does not support the Debtor's·

---

**3.** "Department," as used in this chapter, means the Department of Revenue. F.S.A. § 409.2554(1) (1998).

**4.** *See In re Seibert,* 914 F.2d 102 (7th Cir.1990) (holding father's debt to reimburse agency for AFDC payments extended non-custodial child nondischargeable); *In re Browning,* 161 B.R. 841 (Bankr.E.D.Cal.1993) (holding mother's assignment to county in order to receive public assistance akin to AFDC, and father's debt nondischargeable).

**5.** *In re Morris,* 139 B.R. 17 (Bankr.C.D.Cal.1991) (holding debtor-parent's obligation to reimburse county for public assistance paid on behalf of debtor's child nondischargeable).

argument as they have failed to set forth evidence of an assignment.

This case is unlike those dealing with AFDC benefits or other governmental assistance programs, because the parties have offered no evidence to support a finding that assistance had been previously paid out to Debtor's former wife in lieu of this present child support claim. The facts here are similar to those faced by the court in *Beverly*. 196 B.R. 128. In *Beverly*, the debtor listed a child support arrearage claim on his schedules as an unsecured non-priority claim. 196 B.R. at 129. The debtor asserted the claim was non-priority under 11 U.S.C. § 507(a)(7)(A) because it had been assigned to the Division of Child Support Enforcement. *Beverly*, 196 B.R. at 133. The court first noted that there was no statutory provision requiring the mother to assign her rights to child support to the agency when the agency was collecting arrearages on her behalf. *Id.* The court went further and stated, when "[t]he debt is still owed to the mother but the payments are made through the agency, ... no assignment has occurred." *Id.*

Similarly in this case, there is no statutory provision that requires a custodial parent to assign her rights to child support to the Department of Revenue when the Department is simply collecting past due support on her behalf. As a result, since the Debtors offer no evidence that Erwin Maiten's former wife has received public assistance from the State or other governmental agency, this Court finds no indication of an "assignment" as contemplated by either Florida Statutes § 409.2561 or 11 U.S.C. § 507(a)(7)(A).

### CONCLUSION

The debt owed to the Department of Revenue is not excepted from priority status under 11 U.S.C. § 507(a)(7)(A). The $15,711.17 priority claim filed by the Department of Revenue is allowed and the Debtors' objection to claim 7 is overruled. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.