**In re Tony Levohn RANDOLPH and Valerie Renee Randolph, Debtors.**

**State of Florida, Department of Revenue, Plaintiff,**

**v.**

**Tony Levohn Randolph and Valerie Renee Randolph, Defendants.**

**Bankruptcy No. 00–08855–BKC–3P3. Adversary No. 01–302.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 23, 2002.

Frederick F. Rudzick, Tallahassee, FL, for plaintiff.

Albert H. Mickler, Bryan K. Mickler, Jacksonville, FL, for defendant.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Complaint to Request Revocation of Order of Confirmation filed by State of Florida Department of Revenue ("Plaintiff"). A Motion for Summary Judgment was filed by Tony and Valerie Randolph ("Debtors"). Plaintiff filed a Cross Motion for Summary Judgment. The Court finds that there are no genuine issues of material fact and will enter summary judgment in favor of Debtors.

## FINDINGS OF FACT

1. On November 15, 2000, Debtors filed a Chapter 13 bankruptcy petition. (Doc. 1)

2. On March 26, 2001, Plaintiff filed a proof of claim in the amount of $5,801.84.

3. On April 24, 2001, Debtors filed their Amended Chapter 13 Plan with the Court. (Doc. 45)

4. Debtors' Amended Chapter 13 Plan included the following language regarding Plaintiff's claim:

> "The State of Florida, Department of Revenue has a priority claim in the amount of $5,801.84 for child support. The Debtor shall pay this arrearage outside of the plan in accordance with a previously entered the [sic] Duval County, Circuit Court Order." (Doc. 45)

5. On July 2, 2001, Plaintiff filed an objection to Debtors' Amended Chapter 13 Plan. (Doc. 73)

6. Plaintiff's Objection to Debtors' Amended Chapter 13 Plan included the following language: "Debtor has failed to provide for all priority claims as required." (Doc. 73)

7. On August 7, 2001, a confirmation hearing was held regarding Debtors' Amended Chapter 13 Plan. (Doc. 78)

8. Plaintiff did not appear at the confirmation hearing regarding Debtor's Amended Chapter 13 Plan and thus, did not argue its objection. (Adv.Doc.11, 12, 15)

9. The Court confirmed Debtors' Amended Chapter 13 Plan. (Doc. 78)

10. On October 9, 2001, Plaintiff commenced this adversary proceeding by filing a complaint for Revocation of Order of Confirmation pursuant to 11 U.S.C. § 1330. (Doc. 84A)

## CONCLUSIONS OF LAW

### A. Standard for Granting a Motion for Summary Judgment

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (West 2001); Fed. R.Bankr.P. 7056 (West 2001). The existence of a genuine issue of material fact is not satisfied by the simple existence of a dispute between the parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* However, if reasonable minds could reach different conclusions, the Court must decline to enter the judgment. *Id.* at 250–51, 106 S.Ct. 2505.

### 1. Application in the Instant Case

Based on the pleadings and the Motions for Summary Judgment filed by the parties, the Court finds that there is no genuine issue of material fact in the instant case. The parties concur that Plaintiff is the holder of a claim entitled to priority under § 507. The parties concur upon the content of Debtors' Amended Chapter 13 Plan. The parties concur that Plaintiff did not timely appear at the confirmation hearing on Debtor's plan. The parties concur that the Court confirmed Debtors' plan. Thus, implicitly both parties concur that the Court, in confirming Debtors' plan, relied on the Debtors testimony that the plan complied with the requirements of § 1325.

### B. Revocation of Confirmed Chapter 13 Plan

In general, the provisions of a confirmed chapter 13 plan are binding on the debtor and creditors regardless of whether the claim of the creditor is provided for in the plan and whether the creditor objected to, accepted, or rejected the plan. 11 U.S.C. § 1327(a) (West 2001). An exception to the binding nature of this general rule arises under 11 U.S.C. § 1330.

Pursuant to § 1330(a), on the request of an interested party within 180 days of confirmation, the court may revoke a confirmed plan if the confirmation was procured by fraud. 11 U.S.C. § 1330(a) (West 2001). Fraud is the only ground available for revocation of the confirmation order. *In re Fesq*, 153 F.3d 113, 120 (3d Cir.1998). The purpose of this limitation is to promote the finality of the confirmation order, which is normally res judicata and which is relied upon by the debtor and other parties in the case. Collier on Bankruptcy, ¶ 1330.01[2] (Matthew Bender 15th Ed. Revised 2000).

### 1. Application in the Instant Case

As noted, the pleadings and Motion for Summary Judgment filed by Plaintiff allege that confirmation of Debtors' Amended Chapter 13 Plan was procured by fraud. As a result, the binding nature of § 1327(a) does not apply. Thus, Debtors § 1327(a) argument that Plaintiff cannot attack the confirmed plan does not apply, because Plaintiff is challenging the plan as fraudulent under § 1330(a).

### C. Fraud in Obtaining Confirmation

While § 1330 fraud is not defined in the Bankruptcy Code, courts have adopted a common law fraud analysis when applying this section. *In re Siciliano*, 167 B.R. 999 (Bankr.E.D.Pa.1994). To prove that a debtor obtained confirmation of its bankruptcy plan by fraud, the creditor must prove: (1) that the debtor made a materially false representation in obtaining confirmation of its plan; (2) that the debtor knew or believed that the representation was false or made the representation in reckless disregard of the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered confirmation. *Nikoloutsos v. Nikoloutsos*, 199 F.3d 233, 238 (5th Cir. 2000).

### 1. Materially False Representation

Under § 1325(a)(1) a Chapter 13 plan of reorganization must comply with the provisions of Chapter 13 and the Bankruptcy Code. 11 U.S.C. § 1325(a)(1) (West 2001). As such, plans proposing to repay priority claim-holders must comply with § 1322(a)(2) in order to comply with § 1325(a)(1).

Under § 1322(a)(2) the plan shall provide for the full payment to holders of priority claims, unless the holder agrees to a different treatment of such claim. 11 U.S.C. 1322(a)(2) (West 2001). This Court stated in *In re Maiten*, 225 B.R. 246 (Bankr.M.D.Fla.1998), that a holder of a priority claim must be completely paid within the plan unless the holder consents to different treatment. *Maiten*, 225 B.R. at 247. A debtor may not provide for the payment of a priority claim *outside the plan* without the agreement of claim-holder. *In re Driskell*, 2000 WL 1902253 (Bankr.M.D.Ga.2000) (emphasis added).

In order to constitute an agreement under § 1322(a)(2), the claim-holder must make an express affirmation of consent. *In re Northrup*, 141 B.R. 171, 173 (N.D.Iowa 1991). A few cases indicate that a claim-holder's failure to object to a

plan that violates § 1322(a)(2) constitutes and implied agreement. Norton Bankruptcy Law and Practice 2d, § 121:3 at 121–11 (1997). These cases indicate an implied agreement existed, because the holder of the priority claim failed to take reasonable action to protect its interest. *See, In re Puckett,* 193 B.R. 842 (Bankr. N.D.Ill.1996); *See, In re Hebert,* 61 B.R. 44 (Bankr.W.D.La.1986). As an example of the failure to take reasonable action, these cases detail that the holder of the priority claim never objected to the proposed treatment of its claim prior to the confirmation hearing. *See, Puckett,* 193 B.R. at 843; *See, In re Hebert,* 61 B.R. at 45.

### a. Application in the Instant Case

■ The Court confirmed Debtors' Amended Chapter 13 Plan, which purportedly complied with § 1325(a)(1). Debtors' plan provided for payment of Plaintiff's priority claim outside the plan. By providing for payment of Plaintiff's claim outside the plan, the plan implied that there was an agreement regarding the treatment of Plaintiff's claim. However, Plaintiff never made an express affirmation of consent as to the plan's treatment of its claim. Additionally, no implied agreement existed, because Plaintiff sought to protect its interest by filing a written objection with the Court prior to confirmation. As a result, Debtors made a materially false representation by proffering § 1325(a)(1) compliance when the plan failed to comply with § 1322(a)(2). Thus, Debtors argument that Plaintiff consented to the proposed treatment of its claim does not apply, because Plaintiff never expressly or impliedly agreed to such treatment.

### 2. Requisite Intent in making a Material Misstatement

■ In order to prove fraud under § 1330, there must be a showing of the debtor's intent to commit fraud in obtaining confirmation of their plan. *Stamford Mun. Employees' Credit Union, Inc. v. Edwards (In re Edwards),* 67 B.R. 1008, 1010 (Bankr.D.Conn.1986). This intent can be proved by a showing that the debtor believed or knew the representation was false or made the representation or in reckless disregard of the truth. *Nikoloutsos,* 199 F.3d at 238. The requisite intent to commit fraud can be inferred from circumstantial evidence. *Edwards,* 67 B.R. at 1010. However, if an honest intent can be inferred, fraud cannot be found. *Id.*

### a. Application in the Instant Case

■ The Plaintiff has failed to meet the burden of proving that Debtors' intended to fraudulently obtain confirmation of their plan. Plaintiff offers two items of evidence in support of its argument that Debtors acted with fraudulent intent. First, Plaintiff asserts Debtors' counsel is experienced in bankruptcy matters and understands § 1322(a)(2). Second, Plaintiff asserts that it filed a written objection to the plan based on the proposed treatment of its claim. However, Plaintiff fails to explain how the purported expertise of Debtors' counsel translates into Debtors offering testimony that was knowingly false or was in reckless disregard of the truth. Additionally, there is no explanation on how Debtors receipt of Plaintiff's objection, which stated, "[d]ebtor has failed to provide for all priority claims as required," translates into Debtors offering testimony that was knowingly false or in reckless disregard of the truth. As a result, this Court is unwilling to infer that Debtors intended to commit fraud in obtaining confirmation of their plan.

### CONCLUSION

The Court finds that the Plaintiff has not carried its burden in showing that the

Debtors made a material misstatement that was knowingly false or was in reckless disregard of the truth. As such, the Court finds the Order confirming Debtors' Amended Chapter 13 Plan was not obtained by fraud. Thus, this Court grants Summary Judgment in favor of the Debtors. A separate judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.